08-3567-pr
Abreu v. Nicholls

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 3rd day of March, two thousand ten.

PRESENT:
> GUIDO CALABRESI,
> ROBERT A. KATZMANN,
> > *Circuit Judges*,
> DENNY CHIN,[*]
> > *District Judge.*

_____

Carlos Abreu,

> *Plaintiff-Appellant,*

> > v.                                                                          08-3567-pr

C.O. Nicholls,

> *Defendant-Appellee.*

_____

FOR PLAINTIFF-APPELLANT:           Carlos Abreu, *pro se*, Attica, New York.

FOR DEFENDANT-APPELLEE:           Norman Corenthal, Assistant Corporation Counsel,

_____

[*] Denny Chin, of the United States District Court for the Southern District of New York, sitting by designation.

1

*for* Michael A. Cardozo, Corporation Counsel of the City of New York, New York, New York.

Appeal from the United States District Court for the Southern District of New York (Batts, *J.*).

**UPON DUE CONSIDERATION**, it is hereby **ORDERED**, **ADJUDGED**, **AND DECREED** that the judgment of said District Court be and hereby is **AFFIRMED** in part and **VACATED** and **REMANDED** in part for further proceedings consistent with this order.

Appellant Carlos Abreu appeals from the district court's judgment granting summary judgment for Correctional Officer Nicholls and dismissing his 42 U.S.C. § 1983 complaint. We assume the parties' familiarity with the facts, proceedings below, and specification of issues on appeal.

**I.    Vacatur of Default Judgment**

The District Court did not err in vacating its initial default judgment or in denying Abreu's motion for default judgment. Resolution of a motion to vacate a default judgment is addressed to the sound discretion of the district court, bearing in mind that (1) this Court has expressed a strong preference for resolving disputes on the merits; (2) a default judgment is the most severe sanction which the court may apply; and (3) all doubts must be resolved in favor of the party seeking relief from the default judgment. *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005). Under Fed. R. Civ. P. 55(c), the district court may set aside an entry of default for "good cause." This Court has relied on three factors for assessing whether good cause has been shown under Rule 55(c): (1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented. *Powerserve Int'l, Inc. v. Lavi*, 239 F.3d 508, 514 (2d Cir. 2001).

The magistrate judge correctly concluded that the affidavit and memorandum submitted by Nicholls demonstrated that her initial default had not been willful, and that she had presented a meritorious defense. In addition, the magistrate judge correctly concluded that setting aside the initial default judgment and refusing to re-enter default judgment did not prejudice Abreu. *See Davis v. Musler*, 713 F.2d 907, 916 (2d Cir. 1983) ("delay alone is not a sufficient basis for establishing prejudice . . . [r]ather, it must be shown that delay will result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion" (quotation marks omitted)).

## II. Summary Judgment

We find that the District Court erred by dismissing Abreu's excessive force claim at summary judgment. This Court reviews an order granting summary judgment *de novo* and asks whether the district court properly concluded that there were no genuine issues of material fact and that the moving party was entitled to judgment as a matter of law. *See Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). In determining whether there are genuine issues of material fact, this Court is "required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003) (quotation marks omitted). However, "conclusory statements or mere allegations [are] not sufficient to defeat a summary judgment motion." *Davis v. State of New York*, 316 F.3d 93, 100 (2d Cir. 2002).

A claim of cruel and unusual punishment in violation of the Eighth Amendment has an objective and a subjective component. *See Wright v. Goord*, 554 F.3d 255, 268 (2d Cir. 2009). The subjective inquiry looks to whether the defendant prison official acted wantonly, which

"turns on whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Id.* (quotation marks omitted). The objective inquiry is "contextual and responsive to 'contemporary standards of decency.'" *Hudson v. McMillan*, 503 U.S. 1, 8 (1992). Although the extent of injury is a relevant factor, it is not a threshold requirement for an excessive force claim. *Wilkins v. Gaddy*, 559 U.S. __, No. 08-10914, 2010 WL 596513, at *3 (February 22, 2010); *see Hudson*, 503 U.S. at 7. Where a prison official acts "maliciously and sadistically," "contemporary standards of decency always are violated. This is true whether or not significant injury is evident." *Wright*, 554 F.3d at 268-69 (quotation marks omitted). But even when a prison official acts maliciously or sadistically, "not every push or shove . . . violates a prisoner's constitutional rights." *Sims v. Artuz*, 230 F.3d 14, 22 (2d Cir. 2000) (quotation marks omitted). "[T]he Eight Amendment's prohibition against cruel and unusual punishment does not extend to *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." *Id.* (quotation marks omitted, emphasis omitted).

For the purpose of this summary judgment dismissal, we assume that Nicholls' actions were maliciously and sadistically motivated, that their only purpose was to humiliate a new inmate. The following events preceded the use of force at issue:

> As Nicholls and another officer were looking through a door and laughing, the waiting inmates tried to see what the officers were laughing about. Nicholls told the inmates, "Don't look over at us," to which Abreu responded, "I'm just looking." Some moments later, Nicholls said to Abreu, "I told you not to look at me."

*Abreu v. Nicholls*, No. 04 Civ. 7778(DAB)(GWG), 2007 WL 2111086, at *1 (S.D.N.Y. July 24, 2007) (magistrate report and recommendation). Accordingly, the extent, if any, of Abreu's

4

injuries are immaterial.

The relevant question is whether Nicholls' use of force was more than *de minimis*. As recounted by the magistrate judge:

> Nicholls then took out a rubber-headed "hammer" from an office desk and stood in front of Abreu. Nicholls said, "Didn't I tell you not to look at me," to which Abreu responded, "I'm not from this prison, I come from the state." . . . Nicholls then "began to press the hammer to [his] forehead."
>
> While the hammer was pressed to his head, Nicholls told Abreu, "Come on, do what ever you want," but Abreu did not respond because the other inmates urged him to stay silent. Nicholls pressed the hammer into his head between one and five times and his head went "half way" backwards. After one to two minutes, Nicholls removed the hammer from his forehead and put it back into the desk.

*Abreu*, 2007 WL 2111086, at *1-2 (quoting Abreu Deposition, citations omitted).

Although it is well accepted that a mere push or shove is not actionable under the Eighth Amendment, Nicholls' use of force is of a different kind. The force used is not what one might expect in a crowded prison corridor. Rather, the record supports a finding that it was a calculated effort to apply a moderate amount of force in a way that threatened the use of significantly greater force. Moreover, the corrections officer used a weapon–a rubber-headed hammer–and pressed it against Abreu's head with sufficient force to bend his head "'half way' backwards." We cannot say that this amount of force is *de minimis* as a matter of law, at least where, as plausibly alleged, the context of the action was totally removed from any proper penal purpose and the action was taken solely for the purpose of humiliating an inmate.

We affirm the award of summary judgment with respect to Abreu's claim that his denial of medical treatment constituted deliberate indifference in violation of the Eight Amendment and his state law claims for substantially the same reasons stated by the magistrate judge in his

thorough and well-reasoned report and recommendation.

The judgment of the district court is hereby **AFFIRMED** in part and **VACATED** and **REMANDED** in part.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk