**Pedro BRIDGEWATER, Plaintiff,**

v.

**J. TAYLOR, et al., Defendants.**

**No. 08 CIV. 3593(VM).**

United States District Court,
S.D. New York.

March 8, 2010.

**355**

Pedro Bridgewater, Elmira, NY, pro se.

Kevin Ryan Harkins, Reed Smith, LLP, Philadelphia, PA, for Defendants.

### DECISION AND ORDER

VICTOR MARRERO, District Judge.

Pro se plaintiff Pedro Bridgewater ("Bridgewater") filed this action asserting a violation of his constitutional rights under 42 U.S.C. § 1983 ("§ 1983") against six current or former officials of New York State's Sing Sing Correctional Facil-ity ("Sing Sing"). Three defendants join in this motion to dismiss: Correctional Officer L. Dorcey ("Dorcey"), Correctional Officer A. Merritt[1] ("Merritt"), and Defendant Correctional Sergeant J. Wilson ("Wilson") (collectively, "the Moving Defendants"). Defendants Correctional Officer J. Taylor ("Taylor"), Correctional Officer Trailer ("Trailer"), and former Superintendent Brian Fischer, now Commissioner of New York State's Department of Correctional Services ("DOCS"), do not join this motion. Bridgewater asserts that: (1) Taylor beat Bridgewater ("the Taylor beating") as he was being returned to his cell, and that Merritt is liable for violating Bridgewater's Eighth Amendment rights for failing to protect Bridgewater from the beating; (2) Wilson, by failing to supervise or train Taylor, is also liable for the Taylor beating; (3) Wilson separately violated Bridgewater's Eighth Amendment rights by rubbing his finger in Bridgewater's chest after the Taylor beating; and that Dorcey (4) violated Bridgewater's Fourteenth Amendment due process rights by depriving him of property, and (5) violated his Eighth Amendment rights by the emotional harm that ensued from that deprivation of property.

The Moving Defendants now move to dismiss the Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule 12(b)(6)").

For the reasons discussed below, the motion to dismiss is GRANTED as to all three defendants. Furthermore, the Court also dismisses the complaint as to Fischer and Trailer sua sponte.

### I. BACKGROUND[2]

■ At approximately 1:55 p.m. on August 29, 2006, Bridgewater left his pre-

---

1. Bridgewater uses the name "Merrith," but the State's filings use the name "Merritt." The Court assumes the latter designation is correct.

2. The facts below are taken primarily from

General Education Diploma class at Sing Sing to use the bathroom. When Bridgewater returned from the bathroom, Taylor and Merritt, who were standing at Trailer's desk, confronted Bridgewater. The officers asked Bridgewater where his cell was and requested identification.

Bridgewater asserts that without provocation, Merritt began verbally harassing Bridgewater, calling him a "smart ass," and cursing loudly at him. (Amended Compl. at 7.) After answering the officers, Bridgewater attempted to go back into his classroom to have his teacher speak to the officers, but Taylor and Merritt removed plaintiff from the classroom, and Taylor began to escort plaintiff back to his cell.

In a tunnel outside the school building, Taylor decided to pat frisk Bridgewater and told him to put his hands on the wall. Taylor then twisted Bridgewater's head down so that it rested on his chest yet asked Bridgewater to stand up straight. Bridgewater asked Officer Goubadia, whose booth was nearby, to tell Taylor to release his head, but "that request did not work." (Amended Compl. at 7–8.) Another unidentified officer then arrived and Taylor, laughing, threw Bridgewater on the ground; the two then began beating him. Other unidentified officers also joined the beating. After the beating, Bridgewater was handcuffed and "dragged down the steps, then along the recreation yard," and then placed in a van and brought to the hospital. (Amended Compl. at 8.)

While at the hospital, Bridgewater was laid unconscious on a stretcher and handcuffed behind his back. When he regained consciousness, Bridgewater discovered that Wilson was "rubbing his finger in the center of plaintiff's chest, apparently to force plaintiff to move while unconscious." (Compl. at 9.) Wilson's actions caused plaintiff a "burning" sensation and caused redness in the center of plaintiff's chest. (Amended Compl. at 16–17.)

Between the time that Bridgewater was assaulted and the time he returned from the hospital, Dorcey conducted a search of plaintiff's cell and removed several items, including plaintiff's electric razor and headphones.

## II. *DISCUSSION*

### A. *LEGAL STANDARD*

Dismissal pursuant to Rule 12(b)(6) is appropriate if the plaintiff has failed to offer sufficient factual allegations making the asserted claim plausible on its face. *See Ashcroft v. Iqbal*, —— U.S. ——, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). A court should not dismiss a complaint for failure to state a claim if the factual allegations sufficiently "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The task of the court in ruling on a motion to dismiss is to "assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." *In re Initial Publ. Offering Sec. Litig.*, 383 F.Supp.2d 566, 574 (S.D.N.Y.2005) (internal quotation marks and citation omitted). For the purposes of deciding a motion to dismiss, the Court accepts the factual allegations in a com-

Bridgewater's Amended Complaint, dated March 5, 2009 ("Amended Complaint" or "Amended Compl."); however, because Bridgewater proceeds pro se, the Court also considers relevant factual material and exhibits included only with the original Complaint ("the Complaint" or "Compl."). The Court accepts these facts as true for the purpose of ruling on a motion to dismiss. *See Spool v. World Child Int'l Adoption Agency*, 520 F.3d 178, 180 (2d Cir.2008). Except where specifically referenced, no further citation to these sources will be made.

plaint as true and draws all reasonable inferences in the plaintiff's favor. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir.2002).

In the case of a pro se litigant, the Court reads the pleadings leniently and holds them "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007). This guidance applies with particular force when the plaintiff's civil rights are at issue. *See McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir.2004). However, even pro se plaintiffs asserting civil right claims cannot withstand a motion to dismiss unless their pleadings contain factual allegations sufficient to raise a "right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955.

**B. *SECTION 1983 CLAIMS*[3]**

To state a claim under § 1983, Bridgewater must show that, while acting under color of state law, Defendants deprived him of federal constitutional or statutory rights. *See McKithen v. Brown*, 481 F.3d 89, 99 (2d Cir.2007). It is undisputed that the Moving Defendants were, at the time of the alleged actions, actively employed by DOCS; thus the state action requirement is easily satisfied.

As to deprivation of federal constitutional rights by the Moving Defendants, Bridgewater makes five claims. First, he alleges that Merritt violated his Eighth Amendment rights by failing to protect him from the Taylor beating. Second, he alleges that Wilson personally violated his Eighth Amendment right not to be inflicted with cruel and unusual punishment by using excessive force in rubbing his finger

in Bridgewater's chest. Third, Bridgewater asserts that Wilson is further liable for violating Bridgewater's Eighth Amendment rights because Wilson failed to supervise or train his subordinate, Taylor. Fourth, Bridgewater alleges that Dorcey deprived him of property without due process of law, in violation of the Fourteenth Amendment; fifth, he alleges that this deprivation of property caused him emotional harm in violation of the Eighth Amendment. The Court addresses each claim in turn.

1. *Failure to Protect Claim Against Merritt*

An Eighth Amendment failure to protect claim requires an inmate to show that prison officials acted with "deliberate indifference" in failing to protect the inmate from harm. *See Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994); *Hayes v. New York City Dept. of Corr.*, 84 F.3d 614, 620 (2d Cir.1996). Courts now divide the deliberate indifference inquiry into objective and subjective prongs. *See, e.g., Hayes*, 84 F.3d at 620; *Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir.1994).

To satisfy the objective prong, "the deprivation alleged by the prisoner must be in objective terms 'sufficiently serious' such that the deprivation 'den[ied] the minimal civilized measure of life's necessities.'" *Branham v. Meachum*, 77 F.3d 626, 630–31 (2d Cir.1996) (alteration in original (quoting *Wilson v. Seiter*, 501 U.S. 294, 298, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991))). But when, as Bridgewater alleges here, "prison officials maliciously and sadistically use force to cause harm,

---

**3.** As noted in the memo-endorsed letter dated October 9, 2008, the Court construes Bridgewater's claims as against the Moving Defendants in their individual rather than official capacities. *See Hafer v. Melo*, 502 U.S. 21, 25–31, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991) (personal liability in a § 1983 suit may only be found when complaint is made against a State official acting in her individual capacity).

contemporary standards of decency always are violated. This is true whether or not significant injury is evident." *Hudson v. McMillian,* 503 U.S. 1, 9, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992) (citation omitted). In such circumstances, the degree of force used need only rise above a minimal threshold. *See id.* at 9–10, 112 S.Ct. 995.

▮ The subjective prong of the deliberate indifference inquiry is more complex. It requires a sufficiently culpable state of mind: the prison official must have "know[n] of and disregard[ed] an excessive risk to inmate health or safety." *Hathaway,* 37 F.3d at 66 (quotation omitted). To be culpable, a prison official "must both be aware of facts from which the inference could be drawn that a. substantial risk of serious harm exists, and he must also draw the inference.' " *Id.* at 66 (*quoting Farmer,* 511 U.S. at 837, 114 S.Ct. 1970); *see also Hayes,* 84 F.3d at 620 (characterizing subjective prong of test as two-tiered).

▮ Bridgewater alleges that Merritt instigated the Taylor beating by, without provocation, verbally harassing Bridgewater, calling him a "smart ass," cursing loudly at him, and preventing him from allowing his teacher to vouch for his absence from the classroom. (Compl. at 5; Compl., Ex. D; Compl., Ex. A.)

The Court finds that Bridgewater has not here pled sufficient "factual content" which, if assumed true, "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 129 S.Ct. at 1949 (*citing Twombly,* 550 U.S. at 556, 127 S.Ct. 1955); *see also* Fed.R.Civ.P. 8(a)(2) (requiring plaintiff's pleading to provide "a short and plain statement of the claim showing that the pleader is entitled to relief"). Bridgewater has failed to plead sufficient facts to establish the actual knowledge component of the subjective prong: he has not shown why Merritt should have known that a

beating was likely to occur. Assuming that Merritt did instigate a verbal altercation with Bridgewater, Bridgewater has not pled facts that make it reasonable for the Court to infer that Merritt did actually draw the inference that a beating would occur. As Merritt points out, Bridgewater does not allege Merritt's presence at the beating, and he does not otherwise plead facts that demonstrate Merritt's knowledge of an impending beating—for example, he does not claim that there was a pattern of physical beatings following verbal harassment, nor does he claim that Taylor often beat prisoners while escorting them back to their cells. (Memorandum of Law in Support of Defendants' Motion to Dismiss, dated April 24, 2009 ("Defendants' Memorandum"), at 14–16.)

The Court therefore grants Merritt's motion, and dismisses without prejudice Bridgewater's failure to protect claim.

### 2. *Failure to Train Claim Against Wilson*

▮ Bridgewater makes two claims against Wilson: failure to properly train and supervise his subordinates, and use of excessive force against Bridgewater after the Taylor beating. As a threshold matter, Wilson argues that the Court may not entertain these claims because Bridgewater has failed to exhaust his administrative remedies against Wilson. *See* 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title ... by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.").

In *Woodford v. Ngo,* the Supreme Court held that the exhaustion requirement of the PLRA cannot be satisfied by an "untimely or otherwise procedurally defective administrative grievance or appeal," and that the PLRA requires "proper exhaus-

tion," which "means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." 548 U.S. 81, 83–84, 90, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006) (internal quotation marks omitted).

Reviewing the documents Bridgewater has submitted, all indications are that he has failed to exhaust his remedies against Wilson. The Inmate Grievance Report ("Grievance," Compl., Ex. D) that Bridgewater filed makes no mention of Wilson. Bridgewater apparently first mentioned Wilson for the first time on his appeal of the denial of the Grievance, but then only with accusations that Wilson had acted improperly in investigating the Grievance. (*See* Compl., Ex. E) CORC could not have "address[ed] the issues on the merits" when it was not made aware of allegations that Wilson failed to train his subordinates or that he personally used excessive force on Bridgewater. The Court finds that Bridgewater has not pled sufficient facts to demonstrate exhaustion of his administrative remedies.

■ Furthermore, even assuming that Bridgewater has exhausted his administrative remedies, he does not state a claim against Wilson for either cause of action. *See* 28 U.S.C. § 1915(e)(2)(B) (ii) (even in proceedings in forma pauperis, court shall dismiss action if the action fails to state a claim on which relief may be granted). First, Bridgewater argues that Wilson should be liable for the Taylor beating because the beating was the result of deficient training or supervision. Supervisory liability under § 1983 may be found where a supervisor has "directly participated in

the infraction," or where he has knowledge of a wrong but fails to correct it, or where he has created or continued "a policy or custom under which unconstitutional practices occurred," or where he was "grossly negligent in managing subordinates who caused the unlawful condition or event," or where "an official demonstrates 'gross negligence' or 'deliberate indifference' to the constitutional rights of inmates by failing to act on information indicating that unconstitutional practices are taking place. *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir.1994) (*quoting Williams v. Smith*, 781 F.2d 319, 323–24 (2d Cir.1986)).[4]

■ Here, Bridgewater provides nothing beyond the bare assertion that Wilson was Taylor's supervisor to demonstrate that Wilson falls into any of these categories of personal involvement. Bridgewater argues that "[i]t is presumed that a properly trained or closely supervised prison guard would follow the instruction of his supervisor." (Plaintiff's Answer to Defendants' Motion to Dismiss the Amended Complaint, dated November 9, 2009 ("Pl.'s Answer"), at 11.) But this conclusory statement is legally insufficient to state a claim.

■ Bridgewater also asserts that Wilson is vicariously liable because he received an incident report from Taylor about the beating, prepared a report on the matter, physically touched Bridgewater, and was involved in the resolution of Bridgewater's grievance proceeding. (Pl.'s Answer at 14.) The Court is not persuaded that any of these allegations establishes Wilson's personal involvement in the Tay-

---

**4.** The Court recognizes that the Supreme Court's recent *Iqbal* opinion stated that "[i]n a § 1983 suit or a *Bivens* action—where masters do not answer for the torts of their servants—the term 'supervisory liability' is a misnomer," and that "[a]bsent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." 129 S.Ct. at 1949. In the absence of further guidance about how supervisory liability under § 1983 may have changed, the Court notes that Bridgewater's claim is inadequate even under the more favorable pre-*Iqbal* rule.

lor beating; all occurred only *after* the beating.

For these reasons, the Court grants Wilson's motion and dismisses Bridgewater's failure to train claim without prejudice.

### 3. *Excessive Force Claim Against Wilson*

 Bridgewater also alleges that Wilson himself used excessive force against Bridgewater when Wilson rubbed his finger in Bridgewater's chest. Like the failure to protect claim against Merritt discussed above, an excessive force claim under the Eighth Amendment must satisfy both an objective and a subjective requirement. However, as noted above, the malicious use of force to cause harm constitutes an "Eighth Amendment violation[ ] per se ... whether or not significant injury is evident." *Blyden v. Mancusi,* 186 F.3d 252, 263 (2d Cir.1999) (internal quotation marks omitted) ("When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated." (*quoting Hudson,* 503 U.S. at 9, 112 S.Ct. 995)); *see Wilkins v. Gaddy,* —— U.S. ——, 130 S.Ct. 1175, 1177–78, —— L.Ed.2d —— (2010) (per curiam) (reaffirming that excessive force claim depends not on severity of the injury sustained, but on "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm" (*quoting Hudson,* 503 U.S. at 7, 112 S.Ct. 995)). "Nevertheless, a de minimis use of force will rarely suffice to state a constitutional claim," *Griffin v. Crippen,* 193 F.3d 89, 91 (2d Cir.1999) (*citing Johnson v. Glick,* 481 F.2d 1028, 1033 (2d Cir.1973)), unless it is "of a sort repugnant to the conscience of mankind." *Hudson,* 503 U.S. at 10, 112 S.Ct. 995.

Here, Bridgewater claims that Wilson rubbed his finger in the center of Bridgewater's chest, which caused burning and redness. (*See* Amended Compl. at 16–17.) Bridgewater has submitted a medical report demonstrating that after Wilson's conduct, there was redness, but no swelling or broken skin, near the center of Bridgewater's chest. (Amended Compl., Ex. A.)

 Even assuming Bridgewater has administratively exhausted this claim, he has failed to state an Eighth Amendment claim against Wilson. Bridgewater's allegations make it unclear why Wilson rubbed his finger in Bridgewater's chest. It is plausible to infer from Bridgewater's statement that Wilson's rubbing, which "force[d] plaintiff to move while unconscious," was an attempt to revive Bridgewater from unconsciousness. (Amended Compl. at 16–17) If, on the other hand, Wilson's use of force was merely a sadistic exercise, any force used on an unconscious victim could be excessive. The de minimis exception is sensitive to the context in which the force was used. *See Wilkins,* 130 S.Ct. at 1178 (noting significance of "whether the use of force could plausibly have been thought necessary in a particular situation" (internal quotation marks and citation omitted)); *cf. Abreu v. Nicholls,* No. 08–3567–pr, 368 Fed.Appx. 191, 194, 2010 WL 726520, slip op. at 5 (2d Cir. Mar. 3, 2010) (summary order) (holding that guard's use of rubber-tipped hammer to bend prisoner's head back was not de minimis as a matter of law where "the context of the action was totally removed from any proper penal purpose and the action was taken solely for the purpose of humiliating an inmate").

For these reasons, the Court grants Wilson's motion and dismisses Bridgewater's excessive force claim without prejudice. However, if Bridgewater seeks to file this claim again with more specific factual allegations, he will also have to demonstrate

that he has exhausted his administrative remedies against Wilson.

### 4. *Deprivation of Property Without Due Process Claim Against Dorcey*

 Deprivation of an inmate's property by a state actor may constitute a violation of the inmate's due process rights under the Fourteenth Amendment, but only if a meaningful post-deprivation remedy is not available. *See Hudson v. Palmer*, 468 U.S. 517, 533, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984). New York State, however, provides inmates with a post-deprivation remedy through the Court of Claims. *See, e.g., DeMaio v. Mann*, 877 F.Supp. 89, 95 (N.D.N.Y.1995) ("It is well established [that a claim for] loss of property does not state a claim upon which relief may be granted in view of the availability to plaintiff of a claim against the State of New York in the State Court of Claims.") (*citing Daniels v. Williams*, 474 U.S. 327, 329, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986)). To the extent that Bridgewater's claim against Dorcey is premised purely on due process property grounds, it must fail.

### 5. *Eighth Amendment Claim Against Dorcey*

Bridgewater attempts to circumvent the legal problems with his due process claim by arguing that he does not state a pure due process violation; instead, he argues that the deprivation of property resulted in emotional distress in violation of the Eighth Amendment. This claim, however, suffers from at least two fatal defects.

 First, the Prison Litigation Reform Act of 1995 ("PLRA") states in relevant part that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e).

Because Bridgewater has alleged no physical injury in relation to the emotional harm caused by the deprivation of his property, he cannot satisfy this requirement.

 Second, the standard for Eighth Amendment violations is high: "the deprivation alleged by the prisoner must be in objective terms 'sufficiently serious' such that the deprivation 'den[ied] the minimal civilized measure of life's necessities.'" *Branham*, 77 F.3d at 630–31 (*quoting Seiter*, 501 U.S. at 298, 111 S.Ct. 2321). Although the Court does not doubt Bridgewater's emotional distress is real, the deprivation of his trimmer and headphones does not amount to a denial of "the minimal civilized measure of life's necessities."

 For these reasons, the Court grants Dorcey's motion and dismisses with prejudice Bridgewater's due process and Eighth Amendment claims related to the confiscation of his property.

### C. *CLAIMS AGAINST FISCHER AND TRAILER*

The State indicates that Fischer and Trailer were not properly served and so does not represent them. (*See* Defendants' Memorandum at 1, n. 1.) Neither Fischer nor Trailer has made any motions or answered either Bridgewater's original Complaint or the Amended Complaint.

 Looking to the substance of the claims against Fischer and Trailer, it is apparent that these claims are similar to the claims against Wilson and Merritt, respectively. Bridgewater argues that Fischer failed to supervise or train his subordinates, and that this failure resulted in the Taylor beating and an inadequate follow-up investigation. (*See* Amended Compl. at 17–21.) However, Bridgewater alleges even less personal involvement by Fischer than he does by Wilson, and there-

fore has not properly stated a claim against Fischer.

 Bridgewater also alleges that Trailer, at whose desk the initial verbal altercation with Merritt and Taylor took place, failed to protect Bridgewater from the Taylor beating. But Bridgewater barely mentions Trailer in the Amended Complaint, and her only connection to the events was apparently that they occurred in front of her desk. (*See* Amended Compl. at 11–12.) Since Merritt's greater involvement, including verbal harassment, does not satisfy the actual knowledge prong of the deliberate indifference inquiry, neither does Trailer's lesser involvement.

The Court therefore sua sponte dismisses without prejudice the claims against Fischer and Trailer. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

### III. *ORDER*

For the reasons stated above, it is hereby

**ORDERED** that the motion to dismiss (Docket No. 19) of defendants Correctional Officer L. Dorcey ("Dorcey") and Correctional Sergeant J. Wilson ("Wilson"), and Correctional Officer A. Merritt ("Merritt") is GRANTED; and it is further

**ORDERED** that the claims against Correctional Officer Trailer and former Superintendent Brian Fischer are dismissed.

**SO ORDERED.**