Filed 02/11/25

VERMONT SUPERIOR COURT

Chittenden Unit
175 Main Street
Burlington VT 05401
802-863-3467
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 24-CV-02981

| Erica Albarelli v. VitalCore Health Strategies, LLC, et al |
| --- |

## DECISION ON MOTION TO DISMISS

Plaintiff Erica Albarelli, Administrator of the Estate of Jeffery Hall, brought this action seeking damages arising out of Mr. Hall's death as a result of injuries suffered in an assault by Mr. Hall's cellmate at Northwestern State Correctional Facility. Ms. Albarelli alleges that the assault was the result of negligence of Defendants, mental health providers at the prison. She alleges further that Defendants violated Mr. Hall's constitutional rights. Defendants have moved to dismiss the claims. The court grants the motion.

In opposing the motion, Ms. Albarelli correctly identifies the applicable standard. Per statute:

> A mental health professional's duty is established in common law by *Peck v. Counseling Service of Addison County, Inc.* and requires that "a mental health professional who knows or, based upon the standards of the mental health profession, should know that his or her patient poses a serious risk of danger to an identifiable victim has a duty to exercise reasonable care to protect him or her from that danger." This duty shall be applied in accordance with State and federal privacy and confidentiality laws.

18 V.S.A. § 1882(b). Conspicuously absent from the Complaint, however, is either allegation or implication that the individual Defendants either knew or should have known that Mr. Hall's cellmate posed a serious risk to an identifiable victim—here, Mr. Hall. While the court is bound, on a motion to dismiss, to indulge all reasonable inferences in favor of the non-moving party, it cannot infer, from Ms. Albarelli's bare allegations, that Mr. Hall was a foreseeably identifiable victim; indeed there is no allegation that the Defendants had any idea who Mr. Hall was, by name or description, much less that they knew or should have know that he was at risk. *Cf. Skaskiw v. Vt. Agency of Agriculture*, 2014 VT 133, ¶ 14, 198 Vt. 187 (in defamation case, allegations of falsity of statement were insufficient to support inference that speaker "knew the statements were false or acted in reckless disregard of their truth, nor can we infer that Smith made these statements for any improper purpose").

In her opposition, Ms. Albarelli also asserts that Vermont law provides "that mental health professionals have a duty to control the action of a patient for protection of a third person." Pl.'s Opp. to Defs.' Mot. to Dismiss, 6 (citing *Peck v. Counseling Serv. of Addison Cnty.*, 146 Vt. 61, 66–67 (1985)). This argument, however, overstates the holding of *Peck*. The *Peck* Court did not hold that a mental health professional has a broad duty to <u>control</u> a patient, even where there is "a serious risk to an identifiable victim"; it held only that the professional has a duty to take "whatever steps are reasonably necessary to protect the foreseeable victim." *Peck*, 146 Vt. at 67.

In reaching its holding, the *Peck* Court recognized that § 315 of the Restatement (Second) of Torts creates an exception to the general rule that one owes no duty to control the conduct of another to protect a third party from harm. *Id*. at 64–65. "The relations between the actor and a third person which require the actor to control the third person's conduct are stated in §§ 316–319." Restatement (Second) of Torts § 315, cmt. c. According to § 319 of the Restatement:

> One who takes charge of a third person whom he knows or should know to be likely to cause bodily harm to others if not controlled is under a duty to exercise reasonable care to control the third person to prevent him from doing such harm.

Restatement (Second) of Torts § 319 (1965). Conspicuously absent from the Complaint here is any allegation or inference that any of the Defendants ever "took charge" of Mr. Hall's cellmate. Rather, at most, Ms. Albarelli has alleged that on the strength of Defendants' negligent assessment of the cellmate, the Department of Corrections determined to release him to general population, where he was then housed with Mr. Hall. Even assuming that our Supreme Court would recognize a scope of duty beyond that specifically imposed by the Legislature, the present allegations would fall short of stating a claim.

In addition to her common-law negligence claims, Ms. Albarelli has asserted claims under 42 U.S.C. § 1983. Specifically, she alleges that Defendants owed Mr. Hall a duty of care "to ensure that he was reasonably safe from other inmates who were exhibiting serious mental health issues" and that they "breached this duty by exhibiting deliberate indifference to the foreseeable harm related to [their] failure to provide adequate mental health assessments and treatment to Inmate Mafuta which grossly deviated from the standard of care ordinarily exercised by reasonably skilled, careful and prudent mental health professionals under the same or similar circumstances." Complaint ¶¶ 28–29. These claims fare no better.

"Deliberate indifference" means more than mere negligence but less than the intent to cause harm. "[I]t is the equivalent of acting recklessly." *Farmer v. Brennan*, 511 U.S. 825, 826 (1994). The "deliberate indifference" inquiry includes both a subjective and an objective prong. *Bridgewater v.*

*Taylor*, 698 F.Supp.2d 351, 357 (S.D.N.Y. 2010). To satisfy the objective prong, " 'the deprivation alleged by the prisoner must be in objective terms sufficiently serious such that the deprivation den[ied] the minimal civilized measure of life's necessities.' " *Id*. (quoting *Branham v. Meachum,* 77 F.3d 626, 630–31 (2d Cir.1996) (further quotations omitted)). The subjective prong requires proof that the state actor "must have 'know[n] of and disregard[ed] an excessive risk to inmate health or safety.' " *Id*. at 358 (quoting *Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1994)). "To be culpable, [the state actor] 'must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he [or she] must also draw the inference.' " *Id*. (quoting *Hathaway*, 37 F.3d at 66 (further quotations omitted)); *accord Lewis v. Lyon*, No. 2:23-cv-138, 2024 WL 816790, at *11 (D. Vt. Jan. 4, 2024) (" 'To succeed on such a claim, the prisoner must establish both that a substantial risk to his safety actually existed and that the offending prison officials knew of and consciously disregarded that risk.' ") (quoting *Baines v. City of New York*, No. 01 Civ. 2645 PKC GWG, 2004 WL 213792, at *6 (S.D.N.Y. Feb. 5, 2004) (further citation omitted)).

These standards require that at a minimum, to state a claim for deliberate indifference, Ms. Albarelli must plead and prove not simply that Defendants should have known that Mr. Hall was a foreseeable victim of their patient, but that they actually knew of and consciously disregarded the threat of harm posed specifically to Mr. Hall. As discussed above, she has failed to allege even the former. If her allegations in this regard are insufficient to support a claim of duty in negligence, *a fortiori* they are insufficient to support a claim of deliberate indifference.

## ORDER

The court grants the motion. All claims are dismissed with prejudice.

Electronically signed pursuant to V.R.E.F. 9(d): 2/11/2025 12:33 PM

_____
Samuel Hoar, Jr.
Superior Court Judge