Brevard **GRIFFIN**, Plaintiff–Appellant,

v.

**CRIPPEN**, Correctional Officer, Auburn Correctional Facility, Mr. **Allen**, Correctional Officer, Auburn Correctional Facility, and Jon **Budelman**, Prosecutor, Cayuga County Court, Defendants–Appellees.

**Docket No. 98–3704**

United States Court of Appeals, Second Circuit.

Submitted: Aug. 25, 1999

Decided: Sept. 20, 1999

Brevard Griffin, pro se, Alden, New York, for Plaintiff–Appellant.

Eliot Spitzer, Attorney General of·the State of New York (Peter H. Schiff, Deputy Solicitor General; Nancy A. Spiegel, Daniel Smirlock, Assistant Attorneys General, of counsel), Albany New York, for Defendants–Appellees.

Before: WINTER, Chief Judge, KEARSE, and STRAUB, Circuit Judges.

WINTER, Chief Judge:

Brevard Griffin appeals from Judge Scullin's *sua sponte* dismissal of the complaint in this 42 U.S.C. § 1983 case alleging violations of the Eighth Amendment based on excessive force and the prosecution of allegedly false criminal charges. Appellant also moves for damages in the amount of $250,000. For the reasons set forth below, we reverse the dismissal of the excessive force claim and affirm the dismissal of claims concerning false criminal charges. Appellant's motion for damages is denied.

## BACKGROUND

Appellant contends that on December 4, 1994, excessive force was used against him by two prison guards in violation of the Eighth Amendment. He claims that the guards assaulted him and then faked injuries or inflicted injuries on themselves to cover up their misconduct. He also claims that the guards and an assistant district attorney brought false criminal charges against him regarding the incident. However, appellant pled guilty in a state court criminal proceeding to assault charges against both guards and has not appealed either conviction.

The district court questioned appellant concerning the guilty plea in a pre-trial hearing on October 26, 1998. At that hearing, appellant admitted that he pled guilty to the assault charges and that he had not appealed the assault convictions. Nevertheless, he maintained that he did not assault the guards and that he was hit

by the guards after he was handcuffed. Appellant informed the court that the only evidence he intended to offer in support of his claims was his own testimony and that the only injuries he suffered were a bruised shin and swelling over his left knee.

Given appellant's guilty plea, and the fact that he suffered only minor injuries as a result of the alleged incident, the district court concluded that no reasonable jury could find that the alleged misconduct was sufficiently serious to state an Eighth Amendment violation. The district court therefore dismissed appellant's complaint, effectively granting summary judgment to appellees.

## DISCUSSION

■ We review *de novo* the district court's dismissal of appellant's complaint. *See Dory v. Ryan,* 999 F.2d 679, 681 (2d Cir.1993) (reversing *sua sponte* dismissal); *EklecCo v. Iron Workers Locals 40, 361, & 417 Union Sec. Funds,* 170 F.3d 353, 356 (2d Cir.1999) (affirming grant of summary judgment).

■ The Eighth Amendment prohibits the infliction of "cruel and unusual punishments," U.S. Const. amend. VIII, including the "unnecessary and wanton infliction of pain." *Gregg v. Georgia,* 428 U.S. 153, 173, 96 S.Ct. 2909, 49 L.Ed.2d 859 (1976). "[W]hen the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well being." *Blyden v. Mancusi,* 186 F.3d 252, 262 (2d Cir.1999) (quoting *Helling v. McKinney,* 509 U.S. 25, 32, 113 S.Ct. 2475, 125 L.Ed.2d 22 (1993) (quoting *DeShaney v. Winnebago County Dep't of Soc. Servs.,* 489 U.S. 189, 199–200, 109 S.Ct. 998, 103 L.Ed.2d 249 (1989))).

■ To establish a constitutional violation under the Eighth Amendment, an inmate must meet both an objective and a subjective requirement. To meet the ob-

jective requirement, the alleged violation must be "sufficiently serious" by objective standards. *See Farmer v. Brennan,* 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (quoting *Wilson v. Seiter,* 501 U.S. 294, 298, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991)). The objective component is "context specific, turning upon 'contemporary standards of decency.'" *Blyden,* 186 F.3d at 263 (quoting *Hudson v. McMillian,* 503 U.S. 1, 8, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992) (quoting *Estelle v. Gamble,* 429 U.S. 97, 103, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976))). To meet the subjective requirement, the inmate must show that the prison officials involved "had a 'wanton' state of mind when they were engaging in the alleged misconduct." *Davidson v. Flynn,* 32 F.3d 27, 30 (2d Cir.1994).

■ However, the malicious use of force to cause harm constitutes an "Eighth Amendment violation[ ] *per se* .... whether or not significant injury is evident." *Blyden,* 186 F.3d at 263 (internal quotation marks omitted). This result follows because "[w]hen prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated." *Id.* (quoting *Hudson,* 503 U.S. at 9, 112 S.Ct. 995). Nevertheless, "a *de minimis* use of force will rarely suffice to state a constitutional claim." *Romano v. Howarth,* 998 F.2d 101, 105 (2d Cir. 1993). "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights." *Id.* (quoting *Johnson v. Glick,* 481 F.2d 1028, 1033 (2d Cir. 1973)).

Although appellant's excessive force claim is weak and his evidence extremely thin, dismissal of the excessive force claim was inappropriate because there are genuine issues of material fact concerning what transpired after appellant was handcuffed and whether the guards maliciously used force against him. The district court mistakenly concluded that, because appellant

92

pled guilty to assaulting the guards and because his injuries were not severe, his claim failed as a matter of law and no reasonable jury could find in his favor. The assault charges to which appellant pled guilty certainly cast doubt on his claim. They do not, however, preclude a reasonable jury from finding that excessive force was used against him on the day in question. Moreover, as discussed above, appellant need not prove "significant injury" to make out an excessive force claim and, thus, the fact that he suffered only minor injuries does not warrant dismissal. Although *de minimis* uses of force generally do not suffice to state a constitutional claim, determining as a matter of law here that appellant's injuries were *de minimis* was error.

■ We therefore reverse and remand on appellant's excessive force claim. As to any claims concerning false criminal charges, however, the district court's dismissal of such claims is affirmed because no reasonable jury could find for appellant on such claims in light of his guilty plea and the lack of any evidence of falsity. Appellant's motion for damages is denied.