Robert G. SIMS, Plaintiff–Appellant,

v.

Christopher ARTUZ; Phillip Coombe, Jr.; Cyril Colfied, Deputy of Security; Sylvia A. Laguna, Director of Inmate Grievance Program; Lorette Klein, PHD Forensic Unit Chief; Donald Dir., Sec. Housing, N.Y.S. Dept. of Corr. Success.; Paul Daley, Psychotherapist; Stanley Skollar, Psychotherapist; Richard C. Surles, Phd.; John F. Tierney; Richard Markie; Daniel Connolly, Lt.; George Schneider; Virginia Bialtz, Senior Correction Counselor; Thomas Levandoski, Senior Correction Counselor; Gayle Haponik; Robert Fountain, Correction Officer; John Hupkowitz; Cheryiann Harding, Correction Officer; Robert R. Tompkins, Correction Officer; Charles Prentice, Correction Officer; Gerald Sawyer, Correction Officer; Robert F. Smith, Correction Officer; William F. Hutchinson, Correction Counselor; John & Jane Doe, 1–11 individual and in their official capacity; M. Rhyner, individually and in official capacity; C. Hooks, Defendants–Appellees.

Docket No. 03–0146.

United States Court of Appeals, Second Circuit.

July 6, 2004.

Robert Sims, for Appellant, pro se.

Eliot Spitzer, Attorney General of the State of New York (Michelle Aronowitz, Deputy Solicitor General, Laura Jones, Assistant, Attorney General, on the brief), for Appellee.

PRESENT: WINTER, JACOBS and STRAUB, Circuit Judges.

### SUMMARY ORDER

Plaintiff–Appellant Robert G. Sims ("Sims"), an inmate in the custody of the New York State Department of Correctional Services ("DOCS"), appeals from a final judgment of the United States District Court for the Southern District of New York granting the summary judg-

ment motion made by the New York State Defendants–Appellees and dismissing Sims' § 1983 suit alleging that he was denied due process and was subjected to excessive force in connection with numerous disciplinary incidents and proceedings that occurred between February and August, 1995. Familiarity is assumed as to the facts, procedural context, and the specification of appellate issues. For substantially the reasons articulated by the district court, we affirm the judgment with respect to appellant's due process claims and two of the three excessive force claims. We remand for further proceedings on Sims' allegation that DOCS officers used excessive force against him on August 29, 1995, however, because on the present record there is a question of fact as to whether the force used on that date was proper.

■ Sims alleges that he was denied due process in each of seven disciplinary proceedings that occurred between March 3 and July 27, 1995. He concedes that he received advance notice of each hearing and of the specific charges alleged, *see* *Sims v. Artuz*, No. 96 Civ. 0216(LAP), 2003 WL 1746263 at *12 (March 31, 2003), but claims that he was unconstitutionally denied the opportunity to call witnesses and examine or comment on certain evidence. Sims' claims are without merit. It is true that in certain of the seven disciplinary proceedings (i) Sims was excluded (and therefore unable to comment on the evidence); (ii) numerous requested witnesses were not called; and (iii) Sims was denied access to certain relevant evidence. As the district court found, however, Sims has not shown that he was prejudiced in any way by these rulings, and our review of the record reveals none.

Most of the witnesses Sims sought to call did *not* see or have knowledge of the events at issue. Moreover, as to most of the witnesses sought, the hearing officer completed a form indicating why Sims' request was denied. Where such a form was not completed, the record evidence (usually a videotape) was sufficient to support the penalties imposed on Sims. Sims' exclusion from proceedings was usually due to his own disruptive behavior, a legitimate ground for conducting a disciplinary hearing out of the presence of the charged inmate. *See Wolff v. McDonnell,* 418 U.S. 539, 567–68, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). The reason for Sims' absence from the hearing held July 11 and 20, 1995 is not clear from the record, but he has demonstrated no prejudice flowing from that absence: in his deposition, Sims admitted to the conduct charged.

■ "To establish a constitutional violation under the Eighth Amendment, an inmate must meet both an objective and a subjective requirement." *Griffin v. Crippen,* 193 F.3d 89, 91 (2d Cir.1999). Objectively, "the alleged violation must be 'sufficiently serious,' " taking into account the context of the alleged use of force and " 'contemporary standards of decency.' " *Id.* Subjectively, "the inmate must show that the prison officials involved 'had a wanton state of mind when they were engaging in the alleged misconduct,' " *id.* (quoting *Davidson v. Flynn,* 32 F.3d 27, 30 (2d Cir.1994)), a determination that entails several factors, including "the extent of the injury and the mental state of the defendant, as well as 'the need for the application of force; the correlation between the need and the amount of force used; the threat reasonably perceived by the defendants; and any efforts made by the defendants to temper the severity of the forceful response,' " *Scott v. Coughlin,* 344 F.3d 282, 291 (2d Cir.2003) (quoting *Romano v. Howarth,* 998 F.2d 101, 105 (2d Cir.1993)). "[T]he absence of serious injury is … relevant to the Eighth Amendment inqui-

ry, but does not end it." *Id.* (citation and quotation marks omitted).

Sims alleges that DOCS employees used excessive force against him on February 21, July 12 and August 29, 1995. Videotape refutes the allegations as to the first two dates, and those claims were properly dismissed. But the evidence adduced so far does not refute Sims' claim concerning August 29. Sims testified at his deposition that while he was being forcibly removed from his cell on that date, he was kicked and punched by several DOCS officers. The allegations are corroborated in part by documented injuries on his head, back, wrist, and legs. The surveillance tape of the episode is poor, but the audio portion indicates that someone was screaming that DOCS officers had grabbed his genitals.

The district court thought this evidence insufficient to raise a question of material fact primarily on the grounds that (i) Sims would have suffered "far greater injury than actually occurred" if his account were accurate; and (ii) Sims had failed to raise a question of fact as to defendants' state of mind because he admitted that DOCS officers entered his cell after he refused to stop banging on it and had allegedly set fires in the cell earlier that day. *See Sims*, 2003 WL 1746263 at *18. We have held, however, that the seriousness of a plaintiff's injury, though relevant, is not determinative of an excessive force claim. *See Griffin*, 193 F.3d at 91–92; *Scott*, 344 F.3d at 291. Similarly, Sims' admissions do not settle the issues relevant to state of mind. Assuming that Sims was being disruptive, the question is whether the force used in response to that disruption was justified. *See Scott*, 344 F.3d at 291. While the district court's opinion indicates that Sims had set fires in his cell on the same day that he was subjected to allegedly excessive force, the record does not indicate what bearing, if any, those infrac-

tions have on the specific incident that gave rise to Sims' excessive force claim. Weak as that claim may be, "dismissal ... was inappropriate because there are genuine issues of material fact concerning what transpired" when Sims was removed from his cell on August 29, 1995, and whether the DOCS officers "maliciously used force against him." *Griffin*, 193 F.3d at 91.

For the reasons set forth above, the judgment of the district court is hereby **AFFIRMED** in part and **REVERSED** in part and **REMANDED** for further proceedings.