**Thomas L. MENNELLA,**
**Plaintiff–Appellant,**

v.

**Joan B. CAREY, Deputy Chief Administrative Judge New York City Courts, Defendant–Appellee.**

**No. 05–6771–cv.**

United States Court of Appeals, Second Circuit.

Nov. 6, 2007.

Thomas L. Mennella, West Hempstead, NY, pro se.

PRESENT: Hon. WALKER, Hon. CHESTER J. STRAUB and Hon. ROSEMARY S. POOLER, Circuit Judges.

### SUMMARY ORDER

Appellant Thomas L. Mennella, *pro se,* appeals the judgment of the United States District Court for the Eastern District of New York (Arthur D. Spatt, *Judge*) entered on June 28, 2004, *sua sponte* dismissing Mennella's 42 U.S.C. § 1983 complaint. We presume the parties' familiarity with the facts and the issues on appeal.

We review a district court's *sua sponte* dismissal of a complaint *de novo,* viewing the evidence in the light most favorable to the plaintiff and giving him the benefit of all reasonable inferences. *See Griffin v. Crippen,* 193 F.3d 89, 91 (2d Cir.1999); *Dory v. Ryan,* 999 F.2d 679, 681 (2d Cir. 1993), *modified on other grounds,* 25 F.3d 81 (2d Cir.1994). "[W]hen addressing a *pro se* complaint, a district 'court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated.'" *Thompson v. Carter,* 284 F.3d 411, 416 (2d Cir.2002) (quoting *Branum v. Clark,* 927 F.2d 698, 705 (2d Cir.1991)). However, leave to amend is not required when amendment would be futile. *See Ellis v. Chao,* 336 F.3d 114, 127 (2d Cir.2003).

Here, the District Court properly dismissed Mennella's 42 U.S.C. § 1983 complaint *sua sponte* because the claims raised in the complaint were unequivocally barred by the *Rooker–Feldman* doctrine.

*See Hoblock v. Albany County Bd. of Elections,* 422 F.3d 77, 85 (2d Cir.2005). That doctrine is applicable because (1) Mennella lost at his disciplinary hearing and Article 78 proceedings; (2) Mennella complains of injuries caused by those decisions; (3) Mennella's complaint asks the Court to review and reject those decisions; and (4) the state court decisions were entered prior to Mennella filing the complaint in this action. *See id.*

■ To the extent that Mennella claims that the District Court's order should be vacated based on the District Judge's post-decision recusal, this argument is without merit because any potential conflict was harmless and there is no risk that the District Court's denial of relief will produce injustice in other cases or could undermine the public's confidence in the judicial process. *See Liljeberg v. Health Servs. Acquisition Corp.,* 486 U.S. 847, 862, 864, 108 S.Ct. 2194, 100 L.Ed.2d 855 (1988). To the extent Mennella claims he was constitutionally harmed by excessive fines, that claim was not raised below.

Accordingly, the judgment of the District Court is AFFIRMED.