**Demetrius GEYER, Plaintiff–Appellant,**

v.

**Wayne CHOINSKI, et al., Defendants–Appellees.**

No. 07–0190–pr.

United States Court of Appeals, Second Circuit.

Jan. 23, 2008.

Demetrius Geyer, pro se, Somers, CT, for Plaintiff–Appellant.

Ann E. Lynch, Assistant Attorney General for Richard Blumenthal, Attorney General (on the brief), Hartford, CT, for Defendants–Appellees.

PRESENT: Hon. ROBERT A. KATZMANN, Hon. B.D. PARKER, and Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Plaintiff–Appellant Demetrius Geyer, *pro se,* appeals from the December 4, 2006, 2006 WL 3500886, judgment of the district court granting Defendants–Appellees' motion for summary judgment. We presume the parties' familiarity with the facts and the issues on appeal.

This Court reviews an order granting summary judgment *de novo* and focuses on whether the district court properly concluded that there was no genuine issue as to any material fact and the moving party was entitled to judgment as a matter of law. *See Miller v. Wolpoff & Abramson, L.L.P.,* 321 F.3d 292, 300 (2d Cir.2003).

"[T]he court is required to resolve all ambiguities and draw all factual inferences in favor of the [nonmovant]," and the inferences to be drawn from the underlying facts revealed in materials such as "affidavits, exhibits, interrogatory answers, and depositions must be viewed in the light most favorable" to the nonmoving party. *Nationwide Life Ins. Co. v. Bankers Leasing Ass'n, Inc.,* 182 F.3d 157, 160 (2d Cir.1999) (citing *Cronin v. Aetna Life Ins. Co.,* 46 F.3d 196, 202 (2d Cir.1995)). Reliance upon conclusory statements or mere allegations is not sufficient to defeat summary judgment. *See Ying Jing Gan v. City of New York,* 996 F.2d 522, 532 (2d Cir.1993). Fed.R.Civ.P. 56(e), provides:

When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must—by affidavits or as otherwise provided in this rule—set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

In an excessive force claim, "the core judicial inquiry is ... whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian,* 503 U.S. 1, 7, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992). In order to establish an Eighth Amendment claim where there is no evidence of malicious use of force, the prisoner must meet both an objective and a subjective requirement. *See Griffin v. Crippen,* 193 F.3d 89, 91 (2d Cir.1999). To satisfy the objective requirement, the prisoner must demonstrate that "the alleged violation [was] sufficiently serious by objective standards;" for the subjective requirement, he must show that prison officials acted with a "wanton state of mind." *Id.* (internal quotation marks

omitted). The *de minimis* use of force, however, will not be considered excessive, so long as " 'the use of force is not of a sort repugnant to the conscience of mankind.' " *Baskerville v. Mulvaney*, 411 F.3d 45, 48 (2d Cir.2005) (quoting *Sims v. Artuz*, 230 F.3d 14, 22 (2d Cir.2000)).

The Eighth Amendment also prohibits deliberate indifference to a prisoner's serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 104–05, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).

> To prove a violation of the Eighth Amendment, an inmate must show (1) that the deprivation alleged is objectively sufficiently serious such that [he] was denied the minimal civilized measure of life's necessities; and (2) that [the prison] official possessed a sufficiently culpable state of mind associated with the unnecessary and wanton infliction of pain.

*Trammell v. Keane*, 338 F.3d 155, 161 (2d Cir.2003) (internal quotation marks omitted) (citing *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994)). " 'Deliberate indifference' describes a mental state more blameworthy than negligence" and is akin to criminal recklessness. *Hernandez v. Keane*, 341 F.3d 137, 144 (2d Cir.2003).

Here, Geyer did not oppose the motion for summary judgment; thus, the district court properly accepted the facts as contained in Defendants–Appellees' Local Rule 56(e)(1) statement, found that there were no disputed issues of material fact, and held that Defendants–Appellees were entitled to judgment as a matter of law. As there was no evidence that any defendant acted with a state of mind that would support an Eighth Amendment claim, *see Griffin*, 193 F.3d at 91; *Hernandez*, 341 F.3d at 144, or that any force used was of a sort "repugnant to the conscience of mankind," *Baskerville*, 411 F.3d at 49,

none of Geyer's claims could survive the summary judgment motion.

We have considered all of the arguments advanced by Geyer in this appeal, and find that they are without merit. For the foregoing reasons, we AFFIRM the judgment of the district