Timothy DUMPSON, Plaintiff–
Appellant,

v.

Mike McGINNIS, et al., Defendants–
Appellees.

No. 00–0309–pr.

United States Court of Appeals,
Second Circuit.

Oct. 13, 2009.

Timothy Dumpson (pro se), Malone, NY, for Plaintiff–Appellant.

Andrew M. Cuomo, Attorney General, Barbara D. Underwood, Solicitor General, Andrew D. Bing, Deputy Solicitor General, Frank K. Walsh, Assistant Solicitor General, of the State of New York, for Appellee.

PRESENT: ROBERT A. KATZMANN and B.D. PARKER,* Circuit Judges.

## SUMMARY ORDER

Timothy Dumpson appeals from a judgment the United States District Court for the Western District of New York (Siragusa, J.). Dumpson, who is incarcerated in the New York Southport Correctional Facility, sued various officers at that facility alleging violations of the Eighth and Fourteenth Amendments as a result of defendants' decision to keep Dumpson in restraints during his exercise period. *See* 42 U.S.C. § 1983. Prior to trial, the district court dismissed, on qualified immunity grounds, Dumpson's right to exercise and procedural due process claims. Dumpson tried an excessive force claim to a jury, which found against him. We assume familiarity with the underlying facts and procedural history of this case, as well as the issues on appeal.

## DISCUSSION

Dumpson first challenges the dismissal, on qualified immunity grounds, of his claims alleging an Eighth Amendment right to exercise and Fourteenth Amendment right to a hearing on the need to use restraints for a prolonged period. We review de novo a district court's grant of qualified immunity. *Lombardi v. Whitman*, 485 F.3d 73, 78 (2d Cir.2007). In assessing qualified immunity, a court must determine whether the alleged action violated clearly established law. "This inquiry turns on the objective legal reasonableness of the action, assessed in light of the legal rules that were clearly established at the time it was taken." *Pearson v. Callahan*, —— U.S. ——, ——, 129 S.Ct. 808, 822, 172 L.Ed.2d 565 (2009) (internal quotation marks omitted). A right may be clearly established through Supreme Court precedent or the case law of this circuit. *Russell v. Coughlin*, 910 F.2d 75, 78 (2d Cir.1990).

■ The district court held that no clearly established Eighth Amendment right to exercise existed in this circuit. We disagree. We have stated that an inmate has a right to some "opportunity to exercise," subject to a "safety exception." *Williams v. Greifinger*, 97 F.3d 699, 704 (2d Cir.1996) (quoting *Anderson v. Coughlin*, 757 F.2d 33, 35 (2d Cir.1985); *Sostre v. McGinnis*, 442 F.2d 178, 186 (2d Cir. 1971)). However, despite our disagreement with the district court's reasoning, we affirm on another ground. Although Dumpson had a clearly established right to some opportunity for exercise, we have also held that the right could be limited by legitimate safety concerns. *See Williams*, 97 F.3d at 704. The evidence adduced at trial indicated that the defendants did make such a decision and that it was reasonable in light of Dumpson's disciplinary history.

■ The district court also did not err in holding that Dumpson's alleged right to a periodic review of defendants' decision to restrain him was not clearly established. Dumpson does not direct our attention to

---

* The Honorable Sonia Sotomayor, originally a member of this panel, was elevated to the Supreme Court on August 8, 2009. The two remaining members of the panel, who are in agreement, have decided this appeal. *See* 28 U.S.C. § 46(d); Local Rule 0.14(b); *United States v. Desimone*, 140 F.3d 457 (2d Cir. 1998).

any relevant precedent establishing such a right.

 Dumpson finally alleges that the district court erred in admitting evidence regarding his disciplinary history. We review evidentiary rulings for abuse of discretion. *See, e.g., Madeira v. Affordable Hous. Found., Inc.,* 469 F.3d 219, 250 (2d Cir.2006). An Eighth Amendment claim requires a fact-finder to determine whether the defendants "had a wanton state of mind when they were engaging in the alleged misconduct." *Griffin v. Crippen,* 193 F.3d 89, 91 (2d Cir.1999) (internal quotation marks and citations omitted). Given that the jury had to determine whether defendants wantonly or unnecessarily inflicted pain by keeping Dumpson restrained when he left his cell, we see no abuse of discretion in permitting the jury to consider his disciplinary history.

We have considered Dumpson's remaining contentions and find them to be without merit.

## CONCLUSION

For the foregoing reasons, the judgment of the district court is AFFIRMED.