Michael EDWARDS, Plaintiff–Appellant,

v.

John TARASCIO, Saundry, Captain, I/O, Officer Bolger, I/O, Officer Mulligan, I/O, Officer Sandy, I/O, Carl Lewis, I/O, Officer Paradise, I/O, Defendants–Appellees.

No. 06–5139–pr.

United States Court of Appeals, Second Circuit.

March 9, 2010.

Michael Edwards, Suffield, CT, pro se.

Lynn D. Wittenbrink, Esq., Attorney General's Office, State of Connecticut, Hartford, CT, for Defendants–Appellees.

PRESENT: ROBERT A. KATZMANN, REENA RAGGI, Circuit Judges, JOHN G. KOELTL,* District Judge.

## SUMMARY ORDER

Appellant Michael Edwards appeals the district court's judgment following a jury verdict for the defendants. He has also filed a "Motion for Relief on Pleadings for Denial of Access to Court," and a "Motion Requesting Court of Appeals to Reverse Judgment." We assume the parties' familiarity with the facts, proceedings below, and specification of appellate issues, and hold as follows.

Insofar as Edwards's claim that his constitutional rights were violated when he was sexually assaulted during the body cavity search can be construed as challenging the sufficiency of the evidence at trial, that claim is without merit. In reviewing the sufficiency of the evidence in support of a jury verdict, this Court "examine[s] the evidence in the light most favorable to the party in whose favor the jury decided, drawing all reasonable inferences in the

---

* The Honorable John G. Koeltl, of the United States District Court for the Southern District of New York, sitting by designation.

winning party's favor." *Gronowski v. Spencer*, 424 F.3d 285, 291 (2d Cir.2005). "In so doing, [the Court] cannot weigh conflicting evidence, determine the credibility of witnesses, or substitute [its] judgment for that of the jury." *Id.* at 292. This Court "will overturn a verdict only if there is such a complete absence of evidence supporting the verdict that the jury's findings could only have been the result of sheer surmise and conjecture, or such an overwhelming amount of evidence in favor of the [appellant] that reasonable and fair minded men could not arrive at a verdict against [the appellant]." *Id.* (internal quotation omitted). Here, the trial testimony constitutes sufficient evidence to support a finding that defendants did not violate Edwards's constitutional rights because defendants each testified that no sexual assault took place, and the videotape of the incident did not demonstrate that any sexual assault had occurred. The credibility of the defendants' testimony and the videotape was an issue for the jury and cannot be determined by this Court. *See Gronowski*, 424 F.3d at 292. Accordingly, there is no basis on which to challenge the jury verdict.

■ As for Edwards's claim that the district court erroneously instructed the jury that a violation of the Department of Correction's internal directives was not tantamount to a violation of plaintiff's constitutional rights, the claim is subject to the plain error standard where, as here, plaintiff did not object to the instruction. *See* Fed.R.Civ.P. 51(d); *see also Shah v. Pan Am. World Servs., Inc.*, 148 F.3d 84, 96 (2d Cir.1998) (applying plain error review to jury instructions to which defendant did not object). Far from being plain error, the claim must fail because the instruction was a correct statement of law. The violation of a prison regulation does not automatically establish that all the ele-

ments of an Eighth Amendment violation have been satisfied. Thus, the district court did not misapply the law in its jury instruction.

Next, Edwards's claim that defendants inflicted cruel and unusual punishment by conducting an unconstitutional visual body cavity search not within department directives is similarly unavailing. Insofar as his claim is based on the fact that the search was not contained within department directives, it is without merit. Insofar as the claim can be construed as an excessive force claim separately premised on a violation of the Eighth Amendment's prohibition on cruel and unusual punishment, it is also without merit. The Eighth Amendment prohibits "cruel and unusual punishments," which includes the " 'unnecessary and wanton infliction of pain.' " *Griffin v. Crippen*, 193 F.3d 89, 91 (2d Cir.1999) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173, 96 S.Ct. 2909, 49 L.Ed.2d 859 (1976)). For excessive force claims, "the core judicial inquiry is ... whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992). However, the credibility of defendants' testimony that no sexual assault took place, and their proffered videotape of the incident refuting Edwards's claims, was an issue for the jury and cannot be determined by this Court. *See Gronowski*, 424 F.3d at 292.

■ Finally, Edwards's argument that defendants committed perjury at trial when they stated that Edwards was the only inmate who resisted the strip search is without merit. While several witnesses testified that in their experience they had not had other inmates refuse the search, Edwards has not provided any evidence, nor alleged any facts, to support his contention.

The judgment of the district court is hereby **AFFIRMED** and the pending motions are **DISMISSED** as moot.