06-5139-pr
Edwards v. Tarascio

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 9th day of March, two thousand ten.

PRESENT:
> ROBERT A. KATZMANN,
> REENA RAGGI,
> > *Circuit Judges*,
> JOHN G. KOELTL,[*]
> > *District Judge*.

---

MICHAEL EDWARDS,

> *Plaintiff-Appellant*,

> v.                                                                      06-5139-pr

JOHN TARASCIO, SAUNDRY, CAPTAIN, I/O, OFFICER BOLGER, I/O, OFFICER MULLIGAN, I/O, OFFICER SANDY, I/O, CARL LEWIS, I/O, OFFICER PARADISE, I/O,

> *Defendants-Appellees*.

---

For Plaintiff-Appellant:                          Michael Edwards, *pro se*, Garner Correctional
                                                  Facility, Suffield, CT

---

[*] The Honorable John G. Koeltl, of the United States District Court for the Southern District of New York, sitting by designation.

For Defendants-Appellees:                Lynn D. Wittenbrink, Esq., Attorney General's
                                         Office, State of Connecticut, Hartford, CT

Appeal from the United States District Court for the District of Connecticut (Smith, *M.J.*).

**UPON DUE CONSIDERATION**, it is hereby **ORDERED**, **ADJUDGED**, **AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED**.

Appellant Michael Edwards appeals the district court's judgment following a jury verdict for the defendants. He has also filed a "Motion for Relief on Pleadings for Denial of Access to Court," and a "Motion Requesting Court of Appeals to Reverse Judgment." We assume the parties' familiarity with the facts, proceedings below, and specification of appellate issues, and hold as follows.

Insofar as Edwards's claim that his constitutional rights were violated when he was sexually assaulted during the body cavity search can be construed as challenging the sufficiency of the evidence at trial, that claim is without merit. In reviewing the sufficiency of the evidence in support of a jury verdict, this Court "examine[s] the evidence in the light most favorable to the party in whose favor the jury decided, drawing all reasonable inferences in the winning party's favor." *Gronowski v. Spencer*, 424 F.3d 285, 291 (2d Cir. 2005). "In so doing, [the Court] cannot weigh conflicting evidence, determine the credibility of witnesses, or substitute [its] judgment for that of the jury." *Id.* at 292. This Court "will overturn a verdict only if there is such a complete absence of evidence supporting the verdict that the jury's findings could only have been the result of sheer surmise and conjecture, or such an overwhelming amount of evidence in favor of the [appellant] that reasonable and fair minded men could not arrive at a verdict against [the appellant]." *Id.* (internal quotation omitted). Here, the trial testimony

2

constitutes sufficient evidence to support a finding that defendants did not violate Edwards's

constitutional rights because defendants each testified that no sexual assault took place, and the

videotape of the incident did not demonstrate that any sexual assault had occurred. The

credibility of the defendants' testimony and the videotape was an issue for the jury and cannot be

determined by this Court. *See Gronowski*, 424 F.3d at 292. Accordingly, there is no basis on

which to challenge the jury verdict.

As for Edwards's claim that the district court erroneously instructed the jury that a

violation of the Department of Correction's internal directives was not tantamount to a violation

of plaintiff's constitutional rights, the claim is subject to the plain error standard where, as here,

plaintiff did not object to the instruction. *See* Fed. R. Civ. P. 51(d); *see also Shah v. Pan Am.*

*World Servs., Inc.*, 148 F.3d 84, 96 (2d Cir. 1998) (applying plain error review to jury

instructions to which defendant did not object). Far from being plain error, the claim must fail

because the instruction was a correct statement of law. The violation of a prison regulation does

not automatically establish that all the elements of an Eighth Amendment violation have been

satisfied. Thus, the district court did not misapply the law in its jury instruction.

Next, Edwards's claim that defendants inflicted cruel and unusual punishment by

conducting an unconstitutional visual body cavity search not within department directives is

similarly unavailing. Insofar as his claim is based on the fact that the search was not contained

within department directives, it is without merit. Insofar as the claim can be construed as an

excessive force claim separately premised on a violation of the Eighth Amendment's prohibition

on cruel and unusual punishment, it is also without merit. The Eighth Amendment prohibits

"cruel and unusual punishments," which includes the "'unnecessary and wanton infliction of

pain.'" *Griffin v. Crippen*, 193 F.3d 89, 91 (2d Cir. 1999) (quoting *Gregg v. Georgia*, 428 U.S.

3

153, 173 (1976)). For excessive force claims, "the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992). However, the credibility of defendants' testimony that no sexual assault took place, and their proffered videotape of the incident refuting Edwards's claims, was an issue for the jury and cannot be determined by this Court. *See Gronowski*, 424 F.3d at 292.

Finally, Edwards's argument that defendants committed perjury at trial when they stated that Edwards was the only inmate who resisted the strip search is without merit. While several witnesses testified that in their experience they had not had other inmates refuse the search, Edwards has not provided any evidence, nor alleged any facts, to support his contention.

The judgment of the district court is hereby **AFFIRMED** and the pending motions are **DISMISSED** as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4