19-434-pr
*Randolph v. Griffin, et al*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of June, two thousand twenty.

PRESENT:    ROBERT D. SACK,
            RICHARD C. WESLEY,
            DENNY CHIN,
                    *Circuit Judges.*
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
LEONARD RANDOLPH,

                    *Plaintiff-Appellant,*


            -v-                                          19-434-pr


THOMAS R. GRIFFIN, THOMAS E. HANNAH,
MICHAEL V. ROBYCK, JAMIE M. ROBINSON,
DONALD C. MCINTOSH, WILLIAM F. SKELLY,
JEREMY M. CLEMENT, JAMES GILBERT,
                    *Defendants-Appellees,*


CHARLES M. SULLIVAN, JOSHUA G. BRIMMER,
SABRINA A. VONHAGAN,
                    *Defendants.*
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLANT:      LAUREN M. CAPACCIO (Alexandra A.E. Shapiro, Daniel J. O'Neil, *on the brief*), Shapiro Arato Bach LLP, New York, New York.

FOR DEFENDANTS-APPELLEES:      BRIAN D. GINSBERG, Assistant Solicitor General (Kate H. Nepveu, Assistant Solicitor General, Jeffrey W. Lang, Assistant Attorney General, Barbara D. Underwood, Solicitor General, *on the brief*), *for* Letitia James, Attorney General of New York, Albany, New York.

Appeal from the United States District Court for the Western District of New York (Skretny, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **VACATED** and the case is **REMANDED** for further proceedings.

Plaintiff-appellant Leonard Randolph appeals from a judgment entered January 24, 2019, granting summary judgment in favor of defendants-appellees Thomas R. Griffin, Thomas E. Hannah, Michael V. Robyck, Jamie M. Robinson, Donald C. McIntosh, William F. Skelly, Jeremy M. Clement, and James Gilbert ("defendants") pursuant to Federal Rule of Civil Procedure 56 and dismissing his complaint.[1]

---

[1]      While McIntosh, Skelly, and Clement are identified as defendants in the district court's judgment and as defendants-appellees in the official caption in this appeal, we note that in his brief Randolph substantially focuses on the allegedly unlawful conduct of Gilbert, Robyck, Robinson, Hannah, and Griffin.  Moreover, Randolph did not challenge the dismissal of Clement in his brief, *see* Appellees' Br. at 12, and he specifically asks this court to reverse "the judgment in favor of Defendants-Appellees Gilbert, Robyck, Robinson, Hannah, and Griffin," Appellant's Br. at 29.

Randolph, an inmate, sued defendants, employees of the New York Department of Corrections and Community Supervision ("DOCCS"), alleging that they violated his constitutional rights by, *inter alia*, using excessive force against him and failing to intervene to protect him against the use of excessive force. This case arises from a January 17, 2012 incident at the Southport Correctional Facility, during which Randolph was allegedly assaulted by multiple defendants. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

The parties agree that a use of force incident occurred on January 17, 2012 involving Randolph and defendants but disagree as to whether the use of such force was unlawful. Randolph contends that he was assaulted by multiple defendants without justification, and purportedly in part because of an incident the month before involving Randolph's yarmulke. Specifically, Randolph alleges that several defendants came to his cell, handcuffed him, and then directed him to turn around. When Randolph turned his back to them, the Corrections Officers entered his cell and then allegedly punched and kicked him in the face and body and injured his right ankle with a baton.

Randolph states that he was then escorted to the shower where a DOCCS employee allegedly "threw a few more punches to his head." App'x at 32 (emphasis omitted). Randolph alleges that Superintendent Griffin was touring the block at the time and spoke to the DOCCS employee assaulting him in the shower. Randolph,

3

however, was unable to get Griffin's attention because Griffin intentionally allegedly avoided touring the area after hearing of the incident. As a result of the alleged assaults, Randolph suffered swelling on his left cheek, lower back, and right ankle.

According to defendants, the January 17, 2012 use of force incident in Randolph's cell occurred after Randolph raised his handcuffed hands aggressively towards defendants and tried to hit one of them. In response to the attack, defendants restrained Randolph "[u]sing minimal force via body holds" until he became compliant. J. App'x at 699. Defendants deny using any physical force with Randolph while transferring him to the shower. Superintendent Griffin denied hearing Randolph in the shower. The medical records show that Randolph complained of slight swelling to his cheeks and temple area, and the medical examination found slight swelling to Randolph's left cheek and no injury to his tongue, teeth, or gums. The medical records also indicate that in the three days after the incident Randolph had slight swelling of his ankle and lower back, for which he was prescribed Tylenol and Flexeril.

Randolph filed this action on August 7, 2012. A second amended complaint was filed on July 17, 2014. During discovery, Randolph testified under oath that he filed an appeal through the administrative review process, but prison officials never submitted the appeal for review. After discovery, defendants moved for summary judgment on December 2, 2015.

4

On January 22, 2019, the district court granted summary judgment in favor of defendants. The district court noted that while there were open factual questions with regard to whether Randolph pursued a complaint through the prison grievance process, the district court found that no reasonable jury could reasonably grant Randolph relief on his Eighth Amendment claim. Further, because Randolph's failure-to-intervene and failure-to-protect claims were predicated on the excessive force claim, the district court also dismissed those claims. Judgment entered January 24, 2019. This appeal followed.

## DISCUSSION

We review orders granting summary judgment *de novo*, "resolv[ing] all ambiguities and draw[ing] all inferences against the moving party." *Garcia v. Hartford Police Dep't*, 706 F.3d 120, 126-27 (2d Cir. 2013). "Summary judgment is proper only when, construing the evidence in the light most favorable to the non-movant, 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Doninger v. Niehoff*, 642 F.3d 334, 344 (2d Cir. 2011) (quoting Fed. R. Civ. P. 56(a)).

## I. *Applicable Law*

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. Although not "every malevolent touch by a prison guard gives rise to a federal cause of action," *Hudson v. McMillian*, 503 U.S. 1, 9

5

(1992), "inmates have the right to be free from the unnecessary and wanton infliction of pain at the hands of prison officials," *Romano v. Howarth*, 998 F.2d 101, 104 (2d Cir. 1993) (internal quotation marks omitted). To establish an Eighth Amendment claim for excessive force, a plaintiff must satisfy both (1) an objective requirement, showing that "conduct was objectively harmful enough or sufficiently serious to reach constitutional dimensions," *Crawford v. Cuomo*, 796 F.3d 252, 256 (2d Cir. 2015) (internal quotation marks omitted); and (2) a subjective requirement, showing that "the defendant had the necessary level of culpability, shown by actions characterized by wantonness in light of the particular circumstances surrounding the challenged conduct," *Harris v. Miller*, 818 F.3d 49, 63 (2d Cir. 2016) (internal quotation marks omitted). Prison officials can be held liable under 42 U.S.C. § 1983 for failing to intervene in a situation where another official is violating an inmate's constitutional rights, including the use of excessive force, in their presence. *See Curley v. Vill. of Suffern*, 268 F.3d 65, 72 (2d Cir. 2001) (citing *Anderson v. Branen*, 17 F.3d 552, 557 (2d Cir. 1994).

II.  *Application*

On appeal, Randolph contends that the district court committed several errors. Specifically, Randolph argues that he raised a genuine dispute of material fact that defendants used excessive force and failed to intervene to protect him from excessive force. We agree. On this record, a reasonable jury could find that the use of force was objectively serious and that defendants acted maliciously or in bad faith.

6

**A.** *Objective Requirement*

In assessing the objective harm, the district court concluded that: (1) Randolph provided insufficient corroborating evidence, and (2) defendants' version of the incident was more consistent with the record. This was error. After independently reviewing the record, we conclude that a genuine dispute of material fact exists as to whether defendants' force was objectively serious enough "to reach constitutional dimensions." *Crawford*, 796 F.3d at 256.

First, the district court erred in discrediting Randolph's testimony because of the lack of corroborating evidence. Under this Court's precedent, even when a plaintiff has relied exclusively on his own testimony, courts have denied summary judgment to defendants as long as the plaintiff's "testimony was not contradictory or rife with inconsistencies such that it was facially implausible." *Fincher v. Depository Tr. & Clearing Corp.*, 604 F.3d 712, 726 (2d Cir. 2010). Randolph consistently maintained that several defendants repeatedly assaulted him without provocation while he was handcuffed. His testimony describing the January 17, 2012 assault is "more than mere conclusory allegations subject to disregard; [it is] specific and detailed," and "made under penalty of perjury." *Scott v. Coughlin*, 344 F.3d 282, 291 (2d Cir. 2003). And it is not so "contradictory or rife with inconsistencies," even though it contains some, "that it [is] facially implausible." *Fincher*, 604 F.3d at 726. Accordingly, Randolph's "own sworn

7

statement," even standing alone, is "adequate to counter summary judgment." *Scott*, 344 F.3d at 291.

Second, the district court also erred by reconciling the conflicting versions of the incident and viewing the evidence in favor of defendants. As a general rule, "district courts may not weigh evidence or assess the credibility of witnesses at the summary judgment stage." *Jeffreys v. City of New York*, 426 F.3d 549, 551 (2d Cir. 2005); *see also Vital v. Interfaith Med. Ctr.*, 168 F.3d 615, 622 (2d Cir. 1999) ("Assessments of credibility and choices between conflicting versions of the events are matters for the jury, not for the court on summary judgment." (quoting *Rule v. Brine, Inc.*, 85 F.3d 1002, 1011 (2d Cir. 1996))). Here, the district court determined "that the record evidence of Randolph's injuries is more consistent with Defendants' version." S. App'x at 24-25. This was error. Although stating that it was not "reconciling the parties' competing versions of the incident," the district court did just that by crediting defendants' account of the assault. S. App'x at 24-25. Where the evidence presents "a question of 'he said, she said,'. . . the court cannot . . . take a side at the summary judgment stage." *Fincher*, 604 F.3d at 726. By weighing the conflicting evidence, the district court improperly engaged in fact finding in violation of well-settled summary judgment standards.[2]

---

[2]    Moreover, the district court's finding on the degree of Randolph's injury was insufficient to support summary judgment in favor of defendants. This Court has explained that the "malicious use of force to cause harm constitutes an Eighth Amendment violation[ ] *per se . . .* whether or not significant injury is evident." *Sims v. Artuz*, 230 F.3d 14, 21-22 (2d Cir. 2000). Accordingly, as discussed in the section that follows, because a genuine dispute of material fact

8

**B.** *Subjective Requirement*

In evaluating the subjective requirement, the district court similarly erred in finding insufficient corroborating evidence demonstrating that defendants acted maliciously. Randolph stated under oath that he was complying with defendants' order before he was assaulted without provocation while he was handcuffed.

Viewed in context and in the light most favorable to Randolph, a reasonable jury could find that defendants' use of force -- specifically, the use of a baton and physical blows on a handcuffed inmate -- was unjustified and rose to the level of malicious or sadistic conduct. *See, e.g.*, *Rosales v. Fischer*, 07-cv-10554 (LAP), 2011 WL 253392, at *8 (S.D.N.Y. Jan. 24, 2011) (denying summary judgment after noting that "a reasonable jury might well conclude that punching Plaintiff in the chest and kicking him in the leg . . . or repeatedly pushing Plaintiff's head against the prison wall while Plaintiff was handcuffed and/or not resisting . . . was indeed malicious or sadistic"). Accordingly, "where, as here, 'a prisoner's allegations and evidentiary proffers could reasonably, if credited, allow a rational factfinder to find that corrections officers used force maliciously and sadistically, our Court has reversed summary dismissals of Eighth Amendment claims of excessive force even where the plaintiff's evidence of injury was slight and the proof of excessive force was weak.'" *Harris*, 818 F.3d at 65

---

exists as to whether defendants used malicious force without provocation, a reasonable jury could find in Randolph's favor, despite the absence of a significant injury.

(quoting *Wright v. Goord*, 554 F.3d 255, 289 (2d Cir. 2009)).[3]  Finally, we agree with the

district court that "disputed issues of material fact concerning whether Randolph

exhausted all available remedies" exist, barring a grant of summary judgment on this

ground.  S. App'x at 18.  Because Randolph's failure-to-intervene and failure-to-protect

claims were premised on the factual predicate in the excessive force claim, we also

vacate dismissal of those claims and remand for further proceedings.

*   *   *

For the foregoing reasons, we **VACATE** the judgment of the district court

and **REMAND** the case for further proceedings.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[3]      Even assuming Randolph's evidence is less than compelling, the district court was not permitted to weigh the evidence and resolve the factual disputes.  *See, e.g.*, *Harris*, 818 F.3d at 65 (reversing summary dismissal of excessive force claim while "readily admit[ting] that the evidence in this case is difficult to parse"); *Scott*, 344 F.3d at 291 (reversing summary dismissal while noting that prisoner's evidence was "thin" as to his claim that a corrections officer struck him in the head, neck, shoulder, wrist, abdomen, and groin, where the "medical records after the . . . incident with [that officer] indicated only a slight injury"); *cf. Griffin v. Crippen*, 193 F.3d 89, 91 (2d Cir. 1999) (vacating district court's dismissal of prisoner's complaint, though characterizing his "excessive force claim [a]s weak and his evidence [as] extremely thin" where prisoner alleged that he was hit by prison guards "after he was handcuffed" but "the only injuries he suffered were a bruised shin and swelling over his left knee").