22-971-pr
Gunn v. Beschler

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of April, two thousand twenty-three.

Present:
> ROSEMARY S. POOLER,
> WILLIAM J. NARDINI,
> SARAH A. L. MERRIAM,
> *Circuit Judges.*

_____

DARRELL GUNN,

> *Plaintiff-Appellant*,

> v.                                                                 22-971

CHAD BESCHLER, Correction Officer, JEFFERY CLAFLIN, Sergeant, TIMOTHY PERRY, Correction Officer, B. SCHIEBER, Correction Officer,

> *Defendants-Appellees*,

WILLIAM J. ABRUNZO, Inmate Grievance Program, Supervisor, ANTHONY J. ANNUCCI, Acting Commissioner, R.J. BALLARD, Lieutenant, BRUSH, Correction

Officer, D. BYNAUM, Sergeant, PAUL CHAPPIUS, JR., Superintendent, A. COLES, Correction Officer, COLLMER, Sergeant, COLUMBO, Clinician Specialist, MHU, DEPALO, Lieutenant, DONELY, Offender Rehabilitation Coordinator, ROBERT GESSNER, Inspector General, LOONEY, Clinician, MHU, K. MUSSAW, Lieutenant, J. POWERS, Sergeant, PAUL PICCOLO, Deputy Superintendent Security, F. SANTIAGO, Sergeant, J. TAYLOR, Correction Officer, JOHN DOE, Sergeant - Mental Health Unit, J. WENDERLICH, Deputy Superintendent Security, K. BUNNELL, Correction Officer, C. DIEGO, Captain, G. KELLER, Captain, DAVIS, Sergeant, AUDINWOOD, Correction Officer, HEAL, Sergeant, SWEET, ORC, JILL NORTHRUP, Nurse Practitioner, DEPARTMENT OF CORRECTIONS AND COMMUNITY SERVICES, HARKNESS, Correction Officer,

*Defendants*.*

---

| For Plaintiff-Appellant**:** | Darrell Gunn, *pro se*, Fallsburg, NY. |
| For Defendants-Appellees: | Barbara D. Underwood, Solicitor General, Andrea Oser, Deputy Solicitor General, Alexandria Twinem, Assistant Solicitor General, of counsel, *for* Letitia James, Attorney General, State of New York, Albany, NY. |

---

* The Clerk of Court is directed to amend the caption as set forth above.

Appeal from a judgment of the United States District Court for the Western District of New York (Charles J. Siragusa, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED IN PART, VACATED IN PART**, and **REMANDED** for further proceedings.

Plaintiff-Appellant Darrell Gunn, proceeding *pro se*, appeals from a judgment of the United States District Court for the Western District of New York (Charles J. Siragusa, *Judge*) entered on February 25, 2022, granting summary judgment to four prison employees on his claims under 42 U.S.C. § 1983. Gunn principally alleged that corrections officers assaulted him during pat frisks, retaliated against him for reporting those assaults, and exposed him to cold conditions, in violation of his First and Eighth Amendment rights. We assume the parties' familiarity with the case.

We review a grant of summary judgment de novo. *See Garcia v. Hartford Police Dep't*, 706 F.3d 120, 126 (2d Cir. 2013). "Summary judgment is proper only when, construing the evidence in the light most favorable to the non-movant, 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Doninger v. Niehoff*, 642 F.3d 334, 344 (2d Cir. 2011) (quoting Fed. R. Civ. P. 56(a)). "[W]e liberally construe pleadings and briefs submitted by pro se litigants, reading such submissions to raise the strongest arguments they suggest." *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (internal quotation marks omitted).

As a preliminary matter, Gunn has abandoned the majority of his claims on appeal, and we affirm the district court on those grounds. Notwithstanding the principle of liberal construction,

3

a *pro se* appellant abandons issues not raised in his or her appellate brief. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92–93 (2d Cir. 1995) (explaining that the Court "need not manufacture claims of error for an appellant proceeding *pro se*"). Here, Gunn has abandoned all claims dismissed by the district court prior to its summary judgment order by failing to mention them on appeal. He has also abandoned several of the claims resolved by summary judgment. Specifically, he does not mention the district court's findings that he failed to demonstrate the required personal involvement of a defendant for his cold-conditions claim and that he failed to administratively exhaust several other claims. We therefore affirm the district court's judgment on those claims.

All that remains, then, are Gunn's claims associated with the events of March 29, 2013, and his retaliation claims against Corrections Officers Perry and Schieber. Gunn alleged that on March 29, 2013, a corrections officer sexually assaulted him during a pat frisk in the presence of another corrections officer and a corrections sergeant—neither of whom intervened to prevent or stop the alleged assault—and that the second corrections officer then kicked him. We first affirm the district court's dismissal of Gunn's sexual assault and failure-to-intervene claims premised on the pat frisk. As the district court properly found, Gunn's claims were barred by the principle of collateral estoppel (also called issue preclusion) because the New York Court of Claims had already found that the pat frisk was not an assault. We apply a state's collateral estoppel rules to a prior judgment rendered in that state. *See Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984). "Under New York law, collateral estoppel prevents a party from relitigating an issue decided against that party in a prior adjudication." *Fuchsberg & Fuchsberg v. Galizia*, 300 F.3d 105, 109 (2d Cir. 2002) (internal quotation marks omitted). Collateral estoppel may be

4

invoked to prevent a party from litigating an issue in a subsequent action when: "(1) the issues in both proceedings are identical, (2) the issue in the prior proceeding was actually litigated and decided, (3) there was a full and fair opportunity to litigate in the prior proceeding, and (4) the issue previously litigated was necessary to support a valid and final judgment on the merits." *Conason v. Megan Holding, LLC*, 25 N.Y.3d 1, 17 (2015) (internal quotation marks omitted).

Gunn argues that he did not receive a full and fair opportunity to litigate the character of the pat frisk in the Court of Claims. Courts consider the "realities" of prior litigation to determine whether a full and fair hearing was held. *Chartier v. Marlin Mgmt., LLC*, 202 F.3d 89, 94 (2d Cir. 2000) (internal quotation marks omitted). Relevant factors include: "1) the nature of the forum and the importance of the claim in the prior litigation; 2) the incentive to litigate and the actual extent of litigation in the prior forum; and 3) the foreseeability of future litigation (because of its impact on the incentive to litigate in the first proceeding)." *Id*. (internal quotation marks omitted). None of these factors suggests that Gunn lacked a full and fair opportunity to litigate in the prior action. Although Gunn alleges that certain evidence was not available, he does not explain what that evidence was, or on what grounds it was withheld or not admitted. He also argues that the videoconference was disconnected at some point during trial, but he does not state how long this disruption lasted, or otherwise explain why it interfered with his ability to fully litigate the question of whether he was sexually assaulted on March 29, 2013. That issue— whether he was sexually assaulted during a pat frisk on March 29, 2013—was central to his Court of Claims action, which included a battery claim against the state premised on that interaction.[2]

---

[2] Gunn also appears to argue that the district court erroneously made a credibility determination against him in its collateral estoppel ruling. That is a misreading of the decision. The district court properly found that it was

5

The Court of Claims found that there was insufficient evidence to suggest that the assault occurred, and future courts, including the district court here, are bound by that determination.

However, we vacate the district court's judgment with respect to Gunn's excessive force claim premised on the kick incident alleged to have occurred on March 29, 2013. To prevail on an Eighth Amendment excessive force claim, a plaintiff must prove "two elements, one subjective and one objective." *Harris v. Miller*, 818 F.3d 49, 63 (2d Cir. 2016) (internal quotation marks omitted). That is, the plaintiff must show that the defendant acted with a "sufficiently culpable state of mind," and that "the conduct was objectively harmful enough . . . to reach constitutional dimensions." *Id.* at 63–64 (internal quotation marks omitted). The subjective element turns on "whether the force was used in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Scott v. Coughlin,* 344 F.3d 282, 291 (2d Cir. 2003). As for the objective element, "*de minimis* uses of physical force" are insufficient to support a constitutional claim, "provided that the use of force is not of a sort repugnant to the conscience of mankind." *Hudson v. McMillian*, 503 U.S. 1, 10 (1992) (internal quotation marks omitted). Applying this test, where there was sufficient evidence for a rational factfinder to conclude that officers "used force maliciously and sadistically," we have reversed grants of summary judgment to the defendants "even where the plaintiff's evidence of injury was slight and the proof of excessive force was weak." *Wright v. Goord*, 554 F.3d 255, 269 (2d Cir. 2009).

Construing the record in Gunn's favor, there is sufficient evidence for a jury to find that Corrections Officer Beschler intentionally kicked Gunn hard in the shin with a booted foot, while

---

bound by the Court of Claims' finding—which was based on a credibility determination by the Court of Claims—and it did not decline to credit Gunn's testimony on any other issue.

Gunn was complying with an order to return to his cell in an uncrowded hall, resulting in pain for hours. Beschler denies that the kick took place, or that it was intentional; he does not claim that there was a legitimate reason for him to have intentionally kicked Gunn. As the district court acknowledged, then, a reasonable jury could conclude that the kick occurred and that it was "unprovoked and unnecessary." *Gunn v. Bescler*, No. 16-cv-6206, 2022 WL 563189, at \*4 (W.D.N.Y. Feb. 24, 2022). A genuine dispute of fact thus exists as to whether Beschler kicked Gunn for the sole purpose of humiliating or causing pain to him, and whether this use of force was of a sort repugnant to the conscience of mankind. *See Hudson*, 503 U.S. at 9 ("When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated. . . . whether or not significant injury is evident." (internal citation omitted)); *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981) (explaining that the Eighth Amendment prohibits punishments that involve "inflictions of pain . . . that are totally without penological justification" (internal quotation marks omitted)); *see also Griffin v. Crippen*, 193 F.3d 89, 90–92 (2d Cir. 1999) (reversing *sua sponte* dismissal of Eighth Amendment excessive force claim, which "effectively grant[ed] summary judgment to" defendants where guards allegedly assaulted plaintiff, resulting in a bruised shin and swelling over his knee).

We also vacate the district court's judgment as to Gunn's First Amendment retaliation claims. To prevail on a First Amendment retaliation claim, a plaintiff must demonstrate that (1) he engaged in protected speech, (2) the defendant took an adverse action against him, and (3) there was a causal connection between the protected speech and adverse action. *See Davis v. Goord*, 320 F.3d 346, 352 (2d Cir. 2003). Evidence of causation is sufficient to avoid summary judgment where the adverse action occurred within a few months of the protected speech, the officer who

7

was the subject of the speech participated in the adverse action, and there was reason to infer that the officer knew of the speech. *See Espinal v. Goord*, 558 F.3d 119, 129 (2d Cir. 2009). The district court concluded that the evidence of causation between Gunn's protected conduct and the alleged adverse actions was insufficient for a jury to find causation. We disagree.[3]

First, Gunn has submitted evidence sufficient for a jury to infer causation between his grievance against Officer Perry for the March 29, 2013, pat frisk (the protected conduct) and the June 11, 2013, pat frisk (the alleged adverse action). Although conclusory assertions are insufficient to create an issue of fact regarding causation, *see Goenaga v. Mar. of Dimes Birth Defects Found.*, 51 F.3d 14, 18 (2d Cir. 1995), a jury could infer the requisite causation here by finding that Officer Perry knew Gunn had filed a grievance against him and that June 11, 2013, was the first opportunity Perry had to retaliate against Gunn. *See Gunn,* No. 16-cv-6206, Dkt. No. 68-7 at 84, 89–90; 91. Accordingly, a reasonable jury could find a causal connection between Gunn's grievance relating to the March 29, 2013, pat frisk and the June 11, 2013, pat frisk, and we vacate the district court's judgment as to this claim.

The record is likewise sufficient for a jury to find causation as to Gunn's retaliation claim against Officer Schieber regarding his alleged retaliatory visits to Gunn's cell in January and February of 2014. The district court found evidence of causation insufficient because the record did not support a finding that Officer Schieber knew of Gunn's grievances. *Gunn*, 2022 WL 563189 at *7–8. But the record contains evidence that Gunn was known by officers generally as an inmate who filed grievances, *Gunn*, 16-cv-6206, Dkt. 68-7 at 200–01, and that Gunn asked

---

[3] Like the district court, we have assumed without deciding that Gunn has met the first and second elements of this test as to his retaliation claims.

8

Officer Schieber for his name (and reported him to other officers) following another pat frisk incident that Gunn raised, *id.* at 207–09, 213.[4]   Accordingly, a reasonable jury could find a causal connection between Gunn's grievances and the alleged adverse conduct of Officer Schieber, and we vacate the district court's judgment as to this retaliation claim.

We have considered all of Gunn's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM IN PART** and **VACATE IN PART** the judgment of the district court, and we **REMAND** for further proceedings on Gunn's excessive force claim against Corrections Officer Beschler and his retaliation claims against Corrections Officers Perry and Schieber consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[4] Gunn does not dispute the district court's conclusion that he failed to administratively exhaust his claim arising out of this alleged pat frisk, which Gunn claims occurred in July 2013.

9